SEND

FILED
CLERK, U.S. DISTRICT COURT

AUG 20 1999

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBIAS RENTERIA, ) | ORDER |
| ) | |
| Plaintiff, ) | CASE NO. CV 98-290 MRP |
| ) | |
| v. ) | (and related case numbers |
| ) | 97-5789, 98-356, 98-357, |
| ) | 98-358, 98-359, 98-362, |
| K&R TRANSPORTATION, INC., et al., ) | 98-392, 98-393, 98-394, |
| ) | 98-395, 98-396, 98-397, |
| ) | 98-398, 98-399, 98-400, |
| Defendants. ) | 98-401, 98-406, 98-413, |
| ) | 98-417, 98-427, 98-430, |
| ) | 98-490, 98-504, 98-505, |
| AND RELATED CASES ) | 98-506, 98-3644) |

On August 9, 1999, Defendants' Motions for Summary Adjudication of Issues Re Compliance with the Insurance Disclosure Requirements of the Federal Leasing Regulations, for Summary Adjudication of Issues Re Effect of Federal Law and Compliance Therewith on Employment Status of Owner-Operators for All Purposes Raised in the Complaint, and for Summary Adjudication on Issues Re California Insurance Code Violations came before the Court for oral argument. The Court has considered the papers filed in the case and the oral argument presented, and rules as follows:

1. The decision on the Motion for Summary Adjudication of Issues Re Compliance with the Insurance Disclosure Requirements of the

ENTERED ON JCMS

AUG 23 1999

CV          BG



Federal Leasing Regulations is deferred to permit plaintiffs to serve and file their opposition(s) to the motion, if any, on or before August 23, 1999. Moving Defendants have until August 30, 1999 to serve and file their replies. The motion will then stand submitted without additional oral argument.

2. The Motion for Summary Adjudication of Issues Re Effect of Federal Law and Compliance Therewith on Employment Status of Owner-Operators for All Purposes Raised in the Complaint is granted as to the following two issues. First, neither the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 13101 et. seq. (ICCTA) nor the Truth-in-Leasing Regulations, 49 C.F.R. § 376 et. seq. ("Leasing Regulation") establish as a matter of law that plaintiff owner-operators are employees of defendant trucking companies, as opposed to independent contractors, for the purpose of determining the nature and extent of the fiduciary and statutory duties owed by defendants to plaintiffs. The Leasing Regulations state that "[n]othing in the provisions required by paragraph (c)(1) of this section is intended to affect whether the lessor or driver provided by the lessor is an independent contractor or an employee of the authorized carrier lessee. An independent contractor relationship may exist when a carrier lessee complies with 49 U.S.C. 14102 and attendant administrative requirements." 49 C.F.R. § 376.12(c)(4).

Second, Congress' decision to impose imputed liability on trucking companies for injuries to third parties was not intended to and does not dictate that owner-operators be held to be employees of the trucking companies rather than independent contractors. See Zamalloa v. Hart 31 F.3d 911, 914 (9th Cir. 1994)(stating that the intent of this provision is to protect the public).

3. The Motion for Summary Adjudication on Issues Re California Insurance Code Violations is granted as to those portions of plaintiffs' claims for (1) breach of fiduciary duties, (2) unfair business practices, fraudulent business acts and practices, and misrepresentations to withhold and misappropriate deductions, (3) unfair business practices, unlawful business acts and practices, and illegal transaction of the business of insurance, (4) unfair business practices, unlawful business acts and practices, unfairness of defendants' actions and scheme as a whole, (5) deceit and (6) conversion, which rely on plaintiffs' allegations that defendants illegally engaged in the business of insurance under sections of the California Insurance Code. Summary adjudication is granted as to these issues on the ground that defendants were not engaged in the business of insurance, and did not act as either an insurance broker or solicitor within the definition of the Insurance Code.

DATED: August 20, 1999

/s/ Mariana R. Pfaelzer
Mariana R. Pfaelzer
United States District Judge